IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| GENE JAMES JIRAK, ) | |
| ) | Bankruptcy No. 11-01514 |
| Debtor. ) | |
| ------------------------------------------------------- | |
| GENE-JAMES: JIRAK, ) | |
| ) | Adversary No. 11-9067 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ARGENT HOME MORTGAGE ) | |
| COMPANY LLC, et al, ) | |
| ) | |
| Defendants. ) | |

**ORDER OF DISMISSAL**

Debtor filed this adversary proceeding on September 13, 2011. The Court dismissed Debtor's Chapter 13 bankruptcy case on October 21, 2011 pursuant to a Motion to Dismiss filed by the Chapter 13 Trustee.

As a general rule, dismissal of a bankruptcy case usually results in dismissal of all remaining adversary proceedings "because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings." In re Statistical Tabulating Corp., 60 F.3d 1286, 1289 (7th Cir. 1995). The Court may in its discretion retain jurisdiction over pending adversary proceedings. In re Millenium Seacarriers, Inc., 458 F.3d 92, 96 (2d Cir. 2006). "In deciding whether to retain jurisdiction, a court is to consider four factors – namely, 'judicial economy, convenience to the parties, fairness and comity.'" Id. In In re Crosson, 333 B.R. 794, 800-801 (Bankr. N.D. Ill. 2005), the court exercised its discretion in dismissing an adversary proceeding which was an attempt by the debtor to collaterally attack decisions rendered by other courts.

      The Court has reviewed the docket and filings in this adversary proceeding. It has been on file approximately six weeks. The Clerk's office issued the Summons after Debtor amended the complaint and cover sheet. No answer has yet been filed. The prayer for relief in the 29-page amended complaint (Doc. 5, pp. 22-25) cites sections of the Bankruptcy Code which are no longer applicable in light of the dismissal of Debtor's bankruptcy case. It also cites other federal and Iowa statutes which could be considered by other non-bankruptcy courts.

      One motion (Doc. 8) filed by defendants seeks to strike the complaint or have it recast. It states that the complaint appears to relate to a final order in a prepetition foreclosure action which has not been appealed. Another motion (Doc. 12) requests additional time to answer because the Summons was not directed to the proper party, which delayed transmission of the complaint to counsel.

      In light of the dismissal of the underlying bankruptcy case, and as a matter of judicial economy, convenience to the parties, fairness and comity, the Court concludes that this adversary proceeding should be dismissed. Mr. Jirak is no longer a Debtor in bankruptcy. His non-bankruptcy claims can be raised in other courts. There is no reason to retain jurisdiction over this adversary proceeding.

      **WHEREFORE**, this adversary proceeding is DISMISSED.

      Dated and Entered:

October 24, 2011

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2